_JjI)ALEY, J.,
dissenting with reasons.
For the following reasons, I disagree with the majority’s decision to reverse the trial court and vacate the Summary Judgments granted by the trial court.
The amended version of LSA-C.C.P. article 966 states that if the party moving for summary judgment will not bear the burden of proof at trial, he must point out to the court that there is an absence of factual support for adverse party’s claim. If the adverse party does not “produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.”
In support of their Motion for Summary Judgment, Manhattan and Levy submitted letters addressed to plaintiff stating the policy had lapsed and instructions for reinstatement. Manhatten submitted an affidavit from an employee familiar with plaintiffs policy, stating there were no timely premium payments for decedent’s policy in 1995. The affidavit further avers that the only payment received for the policy in 1995 was the $514.00 which was returned when the reinstatement application was not submitted. This $514.00 check was cashed by plaintiff. As pointed out by Manhattan during the hearing on the motion, plaintiff produced no evidence to support her contention that the policy was in effect. Plaintiff must prove at trial that the policy was in effect at the time of her husband’s death. Absent some affirmative proof that the policy was | ¡.reinstated there are no issues of fact precluding summary judgment. The majority opinion suggests that decedent’s intent to reinstate and Levy’s knowledge of that intent creates an issue of material fact. I disagree. Plaintiff did not raise that issue when opposing the summary judgment and it cannot be relied on now on appeal to create a material issue. Accordingly, I would affirm the summary judgment granted by the trial court.